UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Navarre Corporation Securities
Litigation

Civil No. 05-1151 (PAM/RLE)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted, but the Court dismisses the Consolidated Amended Class Action Complaint without prejudice.

**BACKGROUND**

This is a putative class action for securities fraud. Defendant Navarre Corporation is a publicly-traded Minnesota corporation in the business of publishing and distributing various entertainment and multimedia products. Defendants Eric H. Paulson, James G. Gilbertson, Brian T. Burke, Charles E. Cheney, and Cary L. Deacon are senior corporate officers of Navarre. Plaintiffs are investors who acquired Navarre securities between January 21, 2004, and September 19, 2005.

Plaintiffs contend that during this period of time, Defendants caused Navarre's stock price to be artificially inflated by materially overstating Navarre's publicly-reported net income for five consecutive quarters, by concealing a decline in demand for Navarre's anti-virus and Internet security products, and by deceiving investors about Navarre's excessive inventory and accounts receivable. During the same time frame, Navarre's stock price rose

from approximately $6 to $20 a share, and Defendants made a $13.8 million cumulative profit from selling their own stock. Plaintiffs allege two causes of action based on Defendants' conduct: (1) violations of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5, and (2) violations of § 20 of the Exchange Act.

The Complaint contains the following particular allegations of fraudulent activity. In January 2004, Defendant Paulson stated in a press release and a conference call with analysts that Navarre was experiencing phenomenal growth due to acquisitions and intrinsic growth. Navarre's stock price rose as a result. In February 2004, Navarre issued a press release forecasting increased sales and income. Defendant Paulson also publicly commented favorably on Navarre's sales, income, and growth. In May 2004, Navarre issued a press release reporting a 641% increase in net income over the previous fiscal quarter, and Defendants Paulson and Gilbertson remarked favorably on the results during a conference call with industry analysts. Navarre's stock price rose 15.4%.

Navarre dismissed Ernst & Young LLP as its auditor in July 2004 and hired Grant Thornton LLP. One day after this announcement, Navarre reported record results for the fiscal year and raised its earnings projections. During a subsequent conference call with analysts, Defendants Deacon and Burke denied that the increasing practice of downloading software from the Internet would adversely affect Navarre's sales of anti-virus software.

By late July 2004, Navarre's stock was trading around $15 a share. In October 2004, Defendant Paulson announced a 186% increase in Navarre's net income. In January 2005, Navarre announced it would acquire FUNimation, a provider of children's entertainment, which

sent stock prices to an all-time high of $20. Navarre withdrew its registration statement to fund this acquisition in February 2005, and Navarre's stock price fell.

In late January 2005, Navarre issued a press release showing that its inventory levels had more than doubled since March 2004, its accounts receivables had substantially, and its cash had significantly decreased. Defendant Gilbertson told analysts the next day that sales were down 22% through September 2004, but that Navarre had purposefully increased its inventory because sales and demand were increasing. Navarre's stock immediately dropped 18.8% in response to this statement.

Navarre issued a press release in May 2005, announcing it would postpone releasing financial results pending an accounting review. The next month, Navarre restated its financial statements for the third fiscal quarter of 2004 through the third fiscal quarter of 2005. Navarre announced a second restatement in November 2005. In the restatements, Defendants admitted that Navarre had not recognized expenses for Defendant Paulson's deferred compensation and retirement plans; failed to recognize expenses related to Defendant Cheney's severance agreement; improperly recorded a $2.4 million deferred tax benefit as income; and failed to consolidate the financial results of an unprofitable entity, Mix & Burn, into its financial statements. Navarre's stock price fell from $7.24 to $5.80 per share.

**DISCUSSION**

Defendants move to dismiss the Complaint on three grounds: (1) failure to allege with particularity that Defendants' statements were knowingly or recklessly false or misleading at the time they were made, (2) failure to allege with particularity facts giving rise to a strong and reasonable inference that any Defendant acted with scienter, and (3) failure to sufficiently plead loss causation.

**A.   Standard of Review**

Generally, a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) requires a court to assume all factual allegations in a complaint as true and to grant plaintiffs all reasonable inferences that may be drawn from the complaint. Fed. R. Civ. P. 12(b)(6); In re Navarre Corp. Sec. Litig., 299 F.3d 735, 741 (8th Cir. 2002). However, when Congress adopted the Private Securities Litigation Reform Act (PSLRA), it raised the pleading standards for securities fraud class action claims pursuant to Rule 12(b)(6). In re Navarre, 299 F.3d at 741; see also 15 U.S.C. §§ 78j, 78t(a); 17 C.F.R. § 240.10b-5. The PSLRA was designed to encompass at the very least the heightened pleading standards of Rule 9(b). Kushner v. Beverly Enter., Inc., 317 F.3d 820, 826 (8th Cir. 2003).

In order to proceed on claims of fraud brought under § 10(b) and Rule 10b-5, Plaintiffs must allege four elements:

> (1) misrepresentations or omissions of material fact or acts that operated as a fraud or deceit in violation of the rule; (2) causation, often analyzed in terms of materiality and reliance; (3) scienter on the part of the defendants; and (4) economic harm caused by the fraudulent activity occurring in connection with the purchase and sale of a security.

In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 888 (8th Cir. 2002) (citations omitted).  The PSLRA requires that both falsity and scienter be pled with particularity.  In re Navarre, 299 F.3d at 742.  Thus, a complaint must "specify each misleading statement or omission and specify why the statement or omission was misleading."  Kushner, 317 F.3d at 826 (citing 15 U.S.C. § 78u-4(b)(1)).  In addition, Plaintiffs must set forth facts showing how each statement was knowingly or recklessly false or misleading at the time it was made.  See In re: Cerner Corp. Sec. Litig., 425 F.3d 1079, 1085-86 (8th Cir. 2005); In re AMDOCS Ltd. Sec. Litig., 390 F.3d 542, 549-50 (8th Cir. 2004) (Wollman, J., concurring).  Further, Plaintiffs must plead facts giving rise not just to a reasonable inference of scienter, but to a reasonable and strong inference that the statements were made either with the intent to defraud or deceive, or with recklessness.  Kushner, 317 F.3d at 826 (citation omitted); In re Navarre, 299 F.3d at 742.

**B.   Whether Defendants' Statements Were Knowingly or Recklessly False or Misleading When Made**

Defendants first contend that the Complaint fails to allege that any Defendant knew at the time he made a statement or representation that Navarre's accounting methods were incorrect, or that any statements made on Navarre's behalf were false or misleading.  After examining the allegations of scienter, the Court agrees.

The Complaint avers that Defendants Paulson and Gilbertson represented in January 2004 that Navarre was experiencing phenomenal growth due to acquisitions and intrinsic growth.  In an attempt to show that these Defendants acted with fraudulent intent, the Complaint

avers that Defendants Paulson and Gilbertson admitted in November 2005 that Navarre's prior accounting procedures were deficient. This allegation does not establish that Defendants knew or were reckless in not knowing that their statements were false when they made them in January 2004. A showing of falsity in hindsight does not establish scienter. See Kushner, 317 F.3d at 827; In re Navarre, 299 F.3d at 742 ("The purpose of [the] heightened pleading requirement was generally to eliminate abusive securities litigation and particularly to put an end to the practice of pleading 'fraud by hindsight.'") (quotation omitted). The Complaint fails to allege that in January 2004, Defendants knew the accounting treatment would subsequently be changed and the earnings restated.

In February, May, and July 2004, and January 2005, Navarre issued favorable press releases, and Defendants Paulson and Gilbertson commented positively on Navarre's sales, income, and growth. Again, the Complaint fails to allege that Defendants made statements when they knew or had access to information suggesting that the statements were false. See Fla. State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 665 (8th Cir. 2001). The same holds true for the press releases and conference calls with analysts in October 2004.

On numerous occasions, Defendants Paulson, Gilbertson, and Cheney signed forms filed with the Securities and Exchange Commission (SEC) that reiterated Navarre's positive financial results and assured that the discussions and analyses contained in the forms were in conformity with accepted accounting practices. The same pleading deficiency is present with respect to these allegations. The Complaint does not allege that Defendants made these assurances when they knew or had access to information suggesting that the statements were

false. To the contrary, Plaintiffs again rely on information obtained in hindsight, particularly the November 2005 admission that Navarre had not maintained effective controls over accounting.

In a July 2004 conference call, Defendants Deacon and Burke told analysts that the trend toward software downloads was not affecting demand for Navarre's products, yet the Complaint concedes that Defendants might not have known of the decrease in demand until November 2004. Again, fraud by hindsight is not actionable.

In sum, Plaintiffs have failed to allege that Defendants' statements were false or misleading, or were made recklessly, <u>at the time they were made</u>. As Plaintiffs have requested, the Court will permit them to replead so that they may attempt to allege a strong and reasonable inference of scienter. See <u>In re: Rural Cellular Corp. Sec. Litig</u>, Civ. No. 02-4893, 2004 WL 67651, at *4 (D. Minn. Jan. 9, 2004) (Magnuson, J.); <u>see also</u> Fed. R. Civ. P. 15(a) (permitting a party to amend a pleading once before a responsive pleading is filed); <u>Winfrey v. Brewer</u>, 570 F.2d 761, 764 n.4 (8th Cir. 1978) ("A motion to dismiss is not a 'responsive pleading' for purposes of [Rule 15(a)].").

**C.     Whether Plaintiffs Have Sufficiently Pled Facts Creating a Strong and Reasonable Inference that Defendants Acted with Fraudulent Intent**

Defendants next contend that Plaintiffs have not alleged sufficient facts of fraudulent intent. The Complaint must set forth particular facts supporting a reasonable and strong inference of reckless or intentional wrongdoing. <u>Ferris, Baker Watts, Inc. v. Ernst & Young, LLP</u>, 395 F.3d 851, 854 (8th Cir. 2005). Fraudulent intent may be alleged through facts

demonstrating an intent to deceive or to defraud, extreme recklessness, or an usual or heightened motive and opportunity to commit fraud. In re K-tel, 300 F.3d at 893-94.

Plaintiffs attempt to create a strong and reasonable inference of fraudulent intent by relying on several "badges of fraud," which together, they argue, create a strong and reasonable inference of scienter. The badges consist of violations of Generally Accepted Accounting Principles (GAAP), attestations by corporate officers regarding the propriety of Navarre's accounting practices, the restatements of earnings, Navarre's dismissal of its former auditor, Navarre's dismissal of its Chief Financial Officer, the individual Defendants' stock sales, and the profits Defendants earned on their stock sales.

Considering several of the "badges of fraud" in combination, the Court finds that Plaintiffs have sufficiently pled facts of fraudulent intent.[1] The Complaint avers that Defendants sold their stock at financially advantageous times and prior to significant restatements, which creates an inference of scienter. See In re K-tel, 300 F.3d at 895-96; Fla. State Bd. of Admin., 270 F.3d at 661. The Complaint characterizes Defendants' sales of stock as insider trading and shows how the trading activity was unusual compared to Defendants' prior trading activity. See In re K-tel, 300 F.3d at 895-96 (admonishing plaintiffs to plead the history of defendants' sales or the number of shares held by each defendant). The Complaint also alleges numerous GAAP violations, which when coupled with other indicia of fraud support a strong inference of scienter. See In re Digi Int'l, Inc. Sec. Litig., 6 F. Supp. 2d 1089,

---

[1] For the purpose of this Motion, the Court has examined this aspect of scienter apart from the requirement of contemporaneous knowledge or recklessness.

1098 (D. Minn. 1998) (Tunheim, J.) (citations omitted). Finally, the Complaint avers that Defendants were motivated by their executive compensation packages, which were tied to Navarre's financial results. A compensation package tied to a corporation's financial results may create a motive to commit fraud. See Fla State Bd. of Admin., 270 F.3d at 661 ("We conclude that the magnitude of Coss's compensation package, together with the timing coincidence of an overstatement of earnings at just the right time to benefit Coss, provides an unusual, heightened showing of motive to commit fraud.").

**D. Loss Causation**

A securities fraud complaint must allege, inter alia, loss causation, which means "a causal connection between the material misrepresentation and the loss." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 342, 346 (2005). Plaintiffs need not plead loss causation with particularity, however; a short and plain statement in accordance with Federal Rule of Civil Procedure 8(a)(2) is sufficient. See id. at 346.

The Complaint charges Defendants with scheming to artificially inflate Navarre's stock price by misrepresenting the company's financial results and demand for its products. The overstated income and earnings allegedly caused the rise in stock price. Plaintiffs further aver that when Defendants revealed the accounting improprieties, its overstated earnings, and the softening market for its software, Navarre's stock price fell. In addition, the Complaint accuses Defendants of withdrawing a bond offering because they would have had to disclose Mix & Burn's operating losses and Navarre's improper accounting practices, which also precipitated a drop in stock prices. When Navarre admitted that it would have to materially

9

adjust its financial statements, the stock price dropped again. The Complaint avers that each of these actions caused economic loss to shareholders. Plaintiffs have sufficiently alleged loss causation.

**E.     Control Person Liability**

A claim for control person liability under § 20 of the Exchange Act is purely derivative of the securities fraud claim. Kushner, 317 F.3d at 826; In re K-tel Int'l, Inc., Sec. Litig., 107 F. Supp. 2d 994, 1005 (D. Minn. 2000) (Montgomery, J.). Thus, because the Court has dismissed without prejudice Plaintiffs' primary claim of securities fraud, the claim for control person liability is also dismissed without prejudice.

**CONCLUSION**

The Complaint does not satisfy the requirements of the PSLRA; specifically, Plaintiffs have not alleged facts creating a strong and reasonable inference of scienter. The Court therefore grants the Motion to Dismiss but allows Plaintiffs the opportunity to replead. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 47) is **GRANTED**;

2. The Consolidated Amended Class Action Complaint (Docket Nos. 45 and 46) is **DISMISSED without prejudice**; and

3. Plaintiffs must file a second consolidated amended complaint within thirty days after entry of this Order. Failure to comply will result in dismissal of this action with prejudice.

Dated: June 27, 2006

s/ Paul A. Magnuson  
Paul A. Magnuson  
United States District Court Judge