UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:<br>NAVARRE CORPORATION<br>SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | CIVIL NO. 05-1151 (PAM/RLE) |

REPORT AND RECOMMENDATION RE:
FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The above matter came on for hearing before the undersigned on February 7, 2008 pursuant to an Order of this Court dated November 16, 2007 [Docket No. 101], on the application of the Settling Parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated as of October 5, 2007 (the "Stipulation"), and Plaintiffs' Motion for Final Approval of Class Action Settlement [Docket No. 104]. Ellen G. Stewart, Esq. and Garrett D. Blanchfield, Jr., Esq. appeared on behalf of plaintiffs; Geoffrey P. Jarpe, Esq. appeared on behalf of defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Based on the Court's finding that due and adequate notice having been given of the settlement as required in said Order, and having considered all papers filed and proceedings held herein, and good cause appearing in the papers and proceedings,

SCANNED

FEB 13 2008

U.S. DISTRICT COURT ST. PAUL

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Final Approval of Class Action Settlement [Docket No. 104] be granted and an Order be issued that reads as follows:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the settlement, including all members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Second Consolidated Amended Class Action Complaint, the Litigation, and all claims contained therein, including all of the Released Claims, are, hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Lead Plaintiffs and the other members of the Class that were or could have been asserted as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its

terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a Class of all Persons who purchased Navarre securities between January 21, 2004 and September 19, 2005, inclusive. Excluded from the Class are: Defendants, the directors and officers of Navarre, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are any putative Class Members who timely and validly excluded themselves from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members.

6. With respect to the Class, this Court finds for the purposes of effectuating this settlement that: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether the Lead Plaintiffs or any such Class Member ever seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Parties in any court or tribunal asserting any Released Claim.

9. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and their counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice

practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense

or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Dated: February 13, 2008

*[signature]*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before March 3, 2008 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

NVRB1
EXCL00001

RECEIVED TS
DEC 2 6 2007
CLAIMS CENTER

RE: Navarre Corp. Securities Litigation
Civ No. 05-1151-PAM/RLE

I ask to be excluded from this lawsuit, on this date of 12-19-07,

Bob Marshall

Bob Marshall

Bought 9-22-04
(NAVR) 900 shares @ 16.25 = $14,625.—

Sold 10-4-04
(NAVR) 900 shares 14.44 = 12,996.—
Loss = (1,629.—)

**Exhibit 1**

Why was anybody excluded payment during this time frame. We were all mislead that the company was doing good. If earning statements were wrong, everybody should have been reimbursed? Bob Marshall




Mr. Bob Marshall

Navarre Corp. Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
PO Box 8040
San Rafael, CA, 94912-8040

RECEIVED DEC 26 2007 CLAIMS CENTER



RECEIVED TS
DEC 28 2007
CLAIMS CENTER

Navarre Corporation Securities Litigation
Claims Administrator
C/O Gilardi & Co. LLC
P. O. Box 8040
San Rafael, CA 94912-8040

Subject: Exclusion from Class Action Lawsuit – re Navarre Corporation Securities Litigation, Civ. No. 05-1151-PAM/RLE

To Whom It May Concern:

I, James T. Stewart, personally and as holder of two IRA's, my wife Betty Stewart, Oilfield Instruments & Controls Co., and Thomas E. Stewart Revocable Family Trust wish to be specifically excluded from the subject lawsuit.

We, in our various Charles Schwab Accounts, purchased 11,100 shares of Navarre stock (NAVR) during the period which is the subject of the lawsuit at an average cost of approximately $15 per share. As a result of the "accounting irregularities" at NAVR, the market price of the stock declined to less than $5 per share. We sold at prices ranging from $5 down to $3, representing in excess of $10 per share loss on the stock. This represents in excess of $111,000 in actual losses to the six entities which my wife and I own, which is not an insignificant loss to us.

We feel that, if indeed fraud was committed by the officers of NAVR, 8 cents per share versus the $10 per share in losses is an insult. Since the officers omitted the enormous bonuses they were paid in the financials, (and they were in control of the financials) it hardly seems reasonable that this was a just a little oversight on their part.

From our perspective, the officers **either committed fraud or were incompetent**. It would seem that if no fraud was involved, then the board perhaps would have some liability for having incompetents run the company.

But, the purpose of this letter is not to try the case in the letter, but simply to exclude the named entities from your class action lawsuit so that we may independently pursue our options for recovery.

Very truly yours,

James T. Stewart

cc: Clerk of Court, United States District Court, District of Minnesota

24 DEC 2007 PM 4 L

RECEIVED
DEC 27 2007
CLAIMS CENTER

Navarre Corporation Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

NVRR1